**PALEOCKRASAS v. GARCIA et al.**

No. 248, Docket 21670.

United States Court of Appeals Second Circuit.

Argued June 8, 1950.

Decided June 26, 1950.

Joseph Kottler, of New York City (Arkin, Lebovici & Kottler and Edward Arkin, all of New York City, on the brief), for plaintiff-appellee.

John J. Stewart, New York City (John P. Smith, of New York City, and John Nielsen, New York City, on the brief), for defendants-appellants.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This appeal is from a jury verdict and judgment for plaintiff, in the amount of $29,500, for personal injuries allegedly resulting from negligence on the part of the defendants. Jurisdiction was based upon the diverse citizenship of the parties, plaintiff being a citizen of Greece and defendants, citizens of New York.

Plaintiff was a steward on the ship "Puebla," which, on January 29, 1947, was docked at Pier 53, North River, operated by the defendants. When a person entered the pier to board ship it was necessary for him to use a stairway from the street level of the pier to the second floor and cross a gangplank from there to the vessel. Leading from the street level of the pier to the second floor were two broad stairways, and next to and parallel to these was a motor-driven baggage conveyor. This conveyor consisted of a flat wood deck with two-inch cleats every five feet.

The "Puebla" was to sail on January 30. About 10:45 p.m. on January 29 plaintiff and a friend, both laden with large packages, came to the pier, intending to take the packages aboard ship. They were admitted to the pier by a guard at the entrance, and went on in to the stairway. At the foot of the stairway they met a guard, who suggested that they use the baggage conveyor to go to the second floor. According to plaintiff's testimony, three people were then on the baggage conveyor and had almost reached the top. Plaintiff and his friend boarded the baggage conveyor, which operated in much the same fashion as an escalator. While they were going up, the conveyor reversed its direction; the friend managed to step aside, but plaintiff caught his feet where the conveyor went into the floor and was seriously injured.

Defendant's fundamental contentions are two: that the guard who directed plaintiff and his friend aboard the conveyor was acting outside the scope of his authority and defendants are therefore not responsible for his act, and that plaintiff was a trespasser, or bare licensee, who took the baggage conveyor as he found it, and hence defendants' only duty was to abstain from inflicting intentional, wanton, or willful injuries upon him.

■ The guard who directed plaintiff aboard the conveyor was apparently an employee of the Mealli Detective Service, an independent contractor. Defendants had provided for this service, with the guards thus furnished, to protect the cargo on the pier; and on sailing days two guards were stationed in the passenger entrance to keep passengers moving onto the ship. One of the jobs of the guards at the passenger entrance was to see that passengers used the stairway, rather than the baggage conveyor, to go to the second floor. On these facts we think that the jury could properly hold that the guard was acting within the scope of his employment, and thus that defendants were liable for the injury caused by the guard's act. Where the purpose of the agent's employment is to give directions, such directions as he gives fall within the scope of his employment, for which the master will be held liable, even though their substance may be of a different nature than that intended by the master. "The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another." Brown v. Great Atlantic & Pacific Tea Co., 275 App.Div. 304, 306, 89 N.Y.S.2d 247, 249; U. S. Lighterage Corp. v. Petterson Lighterage & Towing Corp., 2 Cir., 142 F.2d 197, 199. On this basis the Court of Appeals for the District of Columbia has held, in Baltimore & O. R. Co. v. Papa, 77 U.S.App.D.C. 202, 133 F.2d 413, that a railroad campany is liable where its engineer invites a pedestrian to climb over a train which is blocking a street, even though such invitation is contrary to a local ordinance.

■ It may be argued that since the guard was hired only to direct passengers he had no authority to give any direction

whatsoever to plaintiff, a seaman. But such an argument is self-defeating, for even if the guard had been nonexistent or had said nothing to plaintiff, defendants would be liable. For defendants owed plaintiff, a business visitor, the duty to warn him against foreseeable harms. Defendants realized that it was dangerous to allow persons to ride on this conveyor; they recognized this in their employment of a guard to direct passengers to use the steps rather than the conveyor. They claim that plaintiff, admittedly a business visitor when he entered the pier, became a trespasser or a bare licensee upon boarding the conveyor. In order to find that plaintiff had lost his status as a business visitor, we should have to hold that he went where there was no permission or invitation, express or implied, for him to go. But the location and circumstances of the conveyor prevent such a holding. On the contrary, the resemblance of the conveyor to a passenger escalator, and its position next to the stairs as such escalators often are placed, implied an invitation to its use. There was no sign or any other warning that it was not to be used for the carriage of persons. From this appearance plaintiff might well have surmised that it was there for that purpose. "While the defendant was not bound to anticipate that seamen would wander at random about the wharf, it was charged with anticipating that they would choose the most convenient route." Bailey v. Texas Co., 2 Cir., 47 F.2d 153, 155; Baltimore & O. R. Co. v. Papa, supra. Since this could readily have appeared the most convenient route up to the ship, defendants were under a duty to warn plaintiff and other invitees of its dangers. Even absent the presence and directions of the guard, the jury could properly find a breach of this duty and consequent negligence.

■ Defendants offer vigorous objection to the charge of the court. While it was not overclear, since the judge appears to have attempted too elaborate a statement, it does not seem to us to have been inaccurate in substance, or so confusing as to constitute reversible error. Defendants' most forceful objection is to the refusal of the court to grant No. 4 of their requests to charge, which read: "Even if the jury finds that a direction or invitation was given to the plaintiff to use the baggage conveyor, if they find that a reasonably prudent man would nevertheless have not used such a conveyance, they may find the plaintiff guilty of contributory negligence." This request is undoubtedly correct. But the court was justified in refusing so to charge because the substance of the requested charge was embodied in the lengthy instructions which the court had given the jury concerning contributory negligence.

Judgment affirmed.